# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 14-7166

September Term, 2015

FILED ON: NOVEMBER 19, 2015

MAGLOIRE K. PLACIDE AYISSI-ETOH,
APPELLANT

v.

FANNIE MAE, ET AL.,
APPELLEES



Appeal from the United States District Court
For the District of Columbia
(No. 1:10-cv-01259)

Before: TATEL, *Circuit Judge*, and WILLIAMS and RANDOLPH, *Senior Circuit Judges*

## JUDGMENT

This appeal from the United States District Court for the District of Columbia was considered on the record and the briefs from the parties. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the District Court be affirmed.

Ayissi-Etoh challenges a jury verdict, entered after a seven-day trial, denying his claims of race-based salary discrimination, a hostile work environment, and unlawful retaliation. On appeal, Ayissi-Etoh, proceeding *pro se*, raises a host of procedural and evidentiary claims. None has merit. We discuss three.

First, Ayissi-Etoh challenges the District Court's dismissal of his claims against four corporate officers of Fannie Mae in their individual capacities. Ayissi-Etoh's complaint had specifically limited the claims against individual defendants to those persons in their official capacities. Compl. ¶¶ 9-12, J.A. 6-7. Before trial—four years after Ayissi-Etoh filed his complaint—he attempted to assert claims against the defendants in their individual capacities. The District Court did not abuse its discretion

in dismissing those claims. The District Court correctly held that allowing the amendment of the complaint after four years would be prejudicial to the defendants. See *Atchinson v. D.C.*, 73 F.3d 418, 425-28 (D.C. Cir. 1996) (noting that where a complaint specifically limited claims to defendants' official capacity, a request to add individual claims was subject to FED. R. CIV. P. 15(a), the standard governing the amendment of a complaint).

Second, Ayissi-Etoh contends that Fannie Mae's answer to his complaint was improperly excluded from the evidence at trial. See Ex. 515, J.A. 776. Ayissi-Etoh sought to introduce the document, which erroneously referred to him as "Steven," as evidence that his manager had called him Steven as a racial slur. Tr. 99, J.A. 1354. The District Court did not abuse its discretion in concluding that the document was irrelevant under FED. R. EVID. 401, since it was prepared by Fannie Mae's attorneys years after the alleged incident.

Third, Ayissi-Etoh contends that the District Court improperly excluded from evidence an internal investigative report. The District Court did not abuse its discretion in concluding, under FED. R. EVID. 403, that the probative value of the report—which found that one of Ayissi-Etoh's managers likely used a racial epithet in an encounter with him—was substantially outweighed by the unfair prejudice it would cause Fannie Mae. J.A. 807-09. The District Court properly decided that the report would "usurp the jury's factfinding function by providing an independent conclusion as to what occurred during the key meeting." J.A. 808.

Ayissi-Etoh's remaining claims similarly lack merit.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Ken Meadows
Deputy Clerk